# Court of Appeals.

### March, 1904.

## THE PEOPLE v. ALLEN MOONEY.

### (178 N. Y. 91.)

MURDER.

The evidence upon the trial of an indictment for homicide examined and held to be sufficient to warrant a verdict convicting the defendant of the crime of murder in the first degree.

APPEAL from a judgment of the Supreme Court rendered May 23, 1903, at a Trial Term for the county of Franklin upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

Robert M. Moore for appellant.

Gordon H. Main for respondent. The defendant's guilt was proven beyond a reasonable doubt. The judgment should, therefore, be affirmed, regardless of alleged technical errors not affecting substantial rights of the defendant. (Code Crim. Pro. §§ 542, 684; People v. Buddenseick, 103 N. Y. 500; People v. Dimmick, 107 N. Y. 13; People v. Wyman, 128 N. Y. 585; People v. Youngs, 151 N. Y. 220.)

O'BRIEN, J.

The defendant was convicted upon an indictment charging him with murder in the first degree.   It is not necessary to say much about the case, and except for the practice which has so long prevailed of giving in some form the reasons of this court for its conclusions in capital cases, we might very well affirm this judgment without any opinion at all.   There is no dispute about the fact that the defendant, on the night of November 4th, 1902, between eight and nine o'clock in the evening, entered a dwelling house at Saranac Lake through an unfastened rear door, and having provided himself with a revolver he proceeded to fire, and did fire, several shots, resulting in the death of two women and the wounding of the man who was the proprietor of the place. The indictment charges him with the murder of one of the women named Thomas, who was one of the inmates of the house.   It appears that the inmates did not bear a very high moral character, and there can be no doubt from the evidence that the defendant had for some time been intimate with the woman he is charged with killing.   The proof tends to show that his motive was jealousy of another man who was in the house on the same evening, but escaped injury by crawling under a bed.   The other woman whom the defendant killed was an associate of Mrs. Thomas, and the defendant doubtless knew both of the women.

Before going to the house on the evening mentioned the defendant had prepared himself for the tragedy by purchasing a revolver, and had strengthened his nerves by absorbing considerable strong liquor, but it does not appear that he was intoxicated to the extent of affecting his mind or depriving him of the capacity to know and understand the character and quality of his acts and that they were wrong. The evidence produced in behalf of the prosecution tended quite clearly to show that the defendant fully prepared himself for the work which was consummated on that even-

ing, and that the killing of the woman by the defendant was with a deliberate and premeditated design on his part to effect her death. There was proof of preparation on his part, of premeditation and of motive that was amply sufficient to warrant the jury in finding that he was guilty of the offense as charged. His conduct before the homicide and his declarations after it was consummated left no doubt that he was entirely conscious of the nature and quality of his act and knew that it was wrong.

The only defense attempted or suggested in behalf of the defendant was insanity or such weakness or derangement of mind as to render him irresponsible in law for the act committed. It is scarcely worth while to go at much length into the details of this defense. It is quite sufficient to say that it rested largely, if not entirely, upon some vague proof that the defendant was subject to fits of epilepsy and that his mother was afflicted in like manner. From these circumstances the jury was asked to find that the defendant at the time of the homicide was irresponsible for his acts. It is enough to say that whatever there was of that defense, no one can reasonably claim that it was not properly submitted to the jury, and the jury by the verdict have found that the defense was untenable. It is difficult to see how, under all the facts and circumstances of the case, the jury could have reached a different conclusion. The learned trial judge explained to the jury with admirable clearness the law applicable to the question, and it is not, I think, within the recognized powers and functions of this court to disturb the judgment.

We have here a case that does not present a single question of law worthy of any consideration. There was really no controversy with respect to the fact that the defendant was the author of the death of the two women who fell victims on that evening either to his jealousy, his rage, or some other evil propensity. Indeed that fact stands admitted.

As to the defense of irresponsibility, at best it presented a question of fact for the jury, and it having been determined, as we think, according to the evidence, the duty of this court is performed by an affirmance of the judgment, since the record does not disclose even a single mitigating fact or circumstance. The defendant certainly had a fair trial, and nothing appears from the record that can raise a doubt in any reasonable mind as to the defendant's guilt.

The judgment of conviction must, therefore, be affirmed.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment of conviction affirmed.